Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RENE ARIAS**, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>**SYNCHRONY BANK**,<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Rene Arias ("Plaintiff") brings this class action against Synchrony Bank ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. The putative class action arises out of Defendant's systematic and willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and its implementing regulations adopted by the Federal Communications Commission ("FCC"), codified at 47 C.F.R. § 64.1200, *et seq*, as well as the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("Rosenthal Act")

2. The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3. Defendant called Plaintiff's cellular telephone about a Synchrony account that does not belong to them.

4. Synchrony has placed calls to Plaintiff's cellular telephone using an artificial or prerecorded voice in violation of the TCPA.

5. Plaintiff is not, and has never been, a Synchrony customer and did not provide their express consent (or any consent whatsoever), to receive calls from Synchrony regarding an account that he does not own.

6. Accordingly, Mr. Arias brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## NATURE OF THE CLAIM

7. This is an action arising from Defendant's violations of the TCPA and the Rosenthal Act.

8. Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice.

9. The calls placed by Defendant to Plaintiff's telephone numbers were in an attempt to collect an alleged debt (the "Consumer Debt").

10. Plaintiff does not owe the Consumer Debt because they do not have and have never had a Synchrony account.

11. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

12. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

13. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

14. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's tortious conduct against Plaintiff occurred within this District and, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals within this District, such that some of Defendant's acts in making such calls have occurred within this District.

**PARTIES**

15. Plaintiff is a natural person entitled to bring this action under the TCPA and Rosenthal Act, and a citizen and resident of Los Angeles County, California.

16. Defendant is a California Corporation with its headquarters located in Draper, Utah.

17. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

18. On or about July 19, 2025, Defendant placed a call using a prerecorded voice message to Plaintiff's cellular telephone number ending in 7913 (the "7913 Number") in an attempt to collect the alleged Consumer Debt from Plaintiff (the "Collection Messages"). During the call, Defendant played a prerecorded voice message identifying Defendant and an alleged debt. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call:




19. Plaintiff does not owe the Consumer Debt because they do not have and have never had a Synchrony account.

20. Overall, between July 19, 2025 and July 25, 2025 Defendant placed two (2) prerecorded voice calls to the 7913 Number.

21. When Plaintiff listened to the prerecorded voice calls, she was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

22. Indeed, all of the above-mentioned calls received by Plaintiff utilized a recording of a generic sounding voice.

23. The prerecorded calls Plaintiff received originated from the telephone number 844-844-1466.

24. Plaintiff received the subject calls with a prerecorded voice within this District and, therefore, Defendant's violation of the TCPA occurred within this District. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this District.

25. At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded call.

26. Plaintiff is the subscriber and sole user of the 7913 Number and is financially responsible for phone service to the 7913 Number.

27. Defendant's unsolicited prerecorded call caused Plaintiff and the Class members actual harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

28. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," see 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," see 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." See 15 U.S.C. § 1692e(10).

29. Section 1692e of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

30. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

31. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." See Cal. Civ. Code § 1788.2(c).

32. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692e of the FDCPA. See Cal. Civ. Code § 1788.17.

## **CLASS ALLEGATIONS**

### **PROPOSED CLASS**

33. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

34. Plaintiff brings this case on behalf of the Class defined as follows:

> **Pre-Recorded Call Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant.**

35. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

36. Defendant and its employees or agents are excluded from the Class.

## Numerosity

37. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

38. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## Common Questions of Law and Fact

39. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;

b. Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

c. Whether Defendant's conduct was knowing and willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

40. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

41. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

42. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

43. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the

Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(On Behalf of Plaintiff and the Pre-recorded Call Class)**

46. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

47. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

48. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

49. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

50. Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

51. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), and 64.1200(a)(1)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

52. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

53. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT 2**
**VIOLATION OF CAL. CIV. CODE § 1788.17**
**(On Behalf of Plaintiff individually)**

54. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

55. Section 1692e of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any

debt," *see* 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *see* 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *see* 15 U.S.C. § 1692e(10).

56. As stated above, through the Collection Messages, Defendant attempted to collect the Consumer Debt.

57. Plaintiff does not owe the Consumer Debt because they do not have and have never had a Synchrony account.

58. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

59. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

60. Through the Collection Messages, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

61. Additionally, by and through the Collection Messages, Defendant violated Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests relief and judgment as follows:

(a) An order certifying this case as a class action on behalf of the Class as defined above, on behalf of the Pre-recorded Call Class, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) An award of statutory damages for Plaintiff and each member of the Pre-Recorded Call Class as applicable under the TCPA

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) An injunction requiring Defendant to cease its conduct in placing prerecorded calls in violation of the TCPA;

(e) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(f) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);[1]

(g) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(h) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]; and

(i) Any other relief that this Court deems appropriate under the circumstances.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury.

**<u>DOCUMENT PRESERVATION DEMAND</u>**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

Dated: March 30, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*